**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5119-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

DAVID ZINSMEISTER,

     Defendant-Appellant.

_____

Submitted February 5, 2020 — Decided February 14, 2020

Before Judges Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Municipal Appeal No. 2018-08.

Broscious, Fischer & Zaiter, PC, attorneys for appellant (Thomas Paul Fischer, of counsel and on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Monica Anne Martini, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant David Zinsmeister appeals from a June 26, 2019 order denying his petition for post-conviction relief (PCR) to vacate his 1980 and 1986 DWI convictions, pursuant to State v. Laurick, 120 N.J. 1 (1990).  On August 7, 2019, the Supreme Court decided State v. Patel, 239 N.J. 424, 448 (2019), which held non-indigent, uncounseled DWI litigants who were unadvised or did not know of their right to counsel, and who would have retained a lawyer had they known, are entitled to relief under Laurick to avoid an enhanced custodial sentence for a subsequent DWI conviction.  The Patel Court further stated Laurick petitions are not subject to a five-year time bar, which formerly existed under Rule 7:10-2(g).  Id. at 447.

In defendant's case, he was convicted of DWIs in 1980 and 1986, in West Windsor, and charged with DWI in 2017, in Phillipsburg.  In 2018, defendant filed his PCR petition in West Windsor municipal court, seeking Laurick relief related to the 1980 and 1986 convictions.  He certified his 1980 conviction was uncounseled, and his 1986 conviction was counseled, but his attorney did not advise him of his rights before advising him to enter a guilty plea.  The municipal court denied the petition.

On de novo review, the law division judge found defendant's petition was time-barred because it was filed beyond the five-year time limit set forth in Rule

7:10-2(b)(2).  The judge also found defendant did not prove excusable neglect for the delay in filing the PCR petition.  The judge concluded defendant did not meet his burden under Laurick because he

> has not established enough evidence that he acted without the knowledge of his rights in the 1980 conviction or the 1986 conviction . . . .
>
> [and] [a]lthough . . . defendant alleges that had he known he could contest his charges, there is no evidence that he would not have taken the guilty plea in either case.

On appeal, citing Patel, defendant raises the following point.

> I.    THE TRIAL COURT ERRED IN DECIDING THAT DEFENDANT SHOULD BE DENIED LAURICK RELIEF AS TO HIS 1980 DWI CONVICTION BECAUSE HE FAILED TO SHOW "EXCUSABLE NEGLECT" TO PERMIT THE RELAXATION OF THE FIVE-YEAR BAR TO A PCR PURSUANT TO R. 7:10-2(G)(2).

"We review issues of law de novo and owe no deference to the interpretive conclusions of . . . [the] Law Division."  Patel, 239 N.J. 435.  We address the issue raised on this appeal through this lens because Patel clarified Laurick.  The Patel Court amended the time limitation provision in Rule 7:10-2(g), governing petitions for relief from an enhanced custodial term based on a prior conviction to state: "A petition seeking relief under this Rule may be filed at any time."  Id. at 447.  Therefore, defendant's PCR petition was not time barred.

3

Finally, defendant certified his 1980 conviction was uncounseled. He also certified: "In the case in 1980, I met with the municipal prosecutor who told me I'd get no jail [time] and the minimum penalties if I pled guilty, and I did. At no time did I know, nor was I told of, the rights [my attorney] has advised me I have, and had, back then." Nothing in the record contradicted defendant's assertion.

On appeal, pursuant to Patel, the State does not contest "that the Phillipsburg Municipal Court is prohibited from using the 1980 DWI conviction to enhance defendant's custodial sentence on his pending DWI case. However, Phillipsburg Municipal Court may still impose enhanced administrative fines and penalties." We agree and, for the reasons we expressed, reverse and remand accordingly.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5119-18T3